UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

HAROLD B. MASON,                        )
                                        )
          Plaintiff,                    )
                                        )
               v.                       )          No. 4:11-CV-575-FRB
                                        )
INVISION LLC, et al.,                   )
                                        )
          Defendants.                   )

## MEMORANDUM AND ORDER

This matter is before the Court upon review of Harold B. Mason's complaint [Doc. #1]. See 28 U.S.C. § 1915(e).

## 28 U.S.C. § 1915(e)

On April 14, 2001, plaintiff was granted leave to proceed in forma pauperis [Doc. #6]. Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32 (1992).

**The Complaint**

Plaintiff seeks monetary relief in this action brought pursuant to 42 U.S.C. §§ 1981 and 1983, as well as the Missouri Human Rights Act, Mo. Rev. St. § 213.010, et seq. ("MHRA"). The named defendants are Invision LLC, Timothy McMahon (Chief Executive Officer), S. Eric Westacott (Chief Operating Officer), and Ja'net Morgan (Operations Manager). Plaintiff alleges that defendants created a hostile work environment at Invision LLC, failed to promote him, and terminated his employment on the basis of his age, race, and gender.

**Discussion**

Section 1981 provides that all persons within the jurisdiction of the United States shall have "the same right . . . to make and enforce contracts . . . as is enjoyed by white citizens." 42 U.S.C. § 1981(a). "[Section] 1981 creates a cause of action only for those discriminated against on account of their race or ethnicity." Johnson v. Riverside Healthcare System, 534 F.3d 1116, 1123 (9th Cir. 2008). A plaintiff cannot assert a § 1981 claim based on gender or age discrimination. See, e.g., Jones v. Bechtel, 788 F.2d 571, 574 (9th Cir. 1986)(no cause of action for sex discrimination under § 1981). Thus, having carefully reviewed the complaint, the Court concludes that plaintiff's § 1981 claims of race discrimination against defendants Invision LLC, Timothy McMahon, S. Eric Westacott, and Ja'net Morgan are sufficient to proceed at this time. His § 1981 claims for age and gender discrimination, however, are legally frivolous and will be dismissed.

Plaintiff's § 1983 claims are also legally frivolous, because he does not allege, nor do any of the defendants appear to be, state actors. See, e.g., Parratt v. Taylor, 451 U.S. 527, 535 (1981)(to state § 1983 claim, plaintiff must first establish that a person acting under color of state law committed actions which form the basis of the complaint), overruled on other grounds, Daniels v.

Williams, 474 U.S. 327, 328 (1986).

Plaintiff's MHRA claims will be dismissed as time-barred. Claims brought under the MHRA "shall be filed within ninety days from the date of the commission's notification letter to the individual." Mo. Rev. Stat. § 213.111(1). Any claims filed after the ninety-day limitations period runs must be dismissed as untimely. Hammond v. Municipal Correction Institute, 117 S.W. 3d 130, 138 (Mo.Ct.App. 2003)(statutes of limitation contained in the Missouri Human Rights Act are strictly construed). In the instant case, plaintiff's MHRA right-to-sue letter was issued on July 16, 2007 [Doc. #7, pg. 4]. Because the instant action was filed well over ninety days after the letter issued, plaintiff's MHRA claims are untimely as to all named defendants and must be dismissed.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that, as to plaintiff's claims of race discrimination brought pursuant to 42 U.S.C. § 1981, the Clerk of Court shall issue process or cause process to issue as to all defendants.

**IT IS FURTHER ORDERED** that plaintiff's claims of age and gender discrimination brought pursuant to 42 U.S.C. § 1981, as well as his claims brought under 42 U.S.C. § 1983 and the Missouri Human Rights Act, Mo. Rev. St. § 213.010, et seq., are **DISMISSED**, without prejudice, as to all defendants, because they are legally frivolous and fail to state a claim for relief. See 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that plaintiff's motion to dismiss the Sumner Group, Inc., Copying Concepts, and Data Max as party-defendants [Doc. #5] is **DENIED** as moot, because these entities were never named as defendants in the caption of the complaint [Doc. #1], and plaintiff did not assert any allegations or claims against them.

A separate Order of Partial Claims Dismissal shall accompany this Memorandum and Order.

Dated this 24th day of May, 2011.


/s/ Jean C. Hamilton
**UNITED STATES DISTRICT JUDGE**