```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MISSOURI
                          EASTERN DIVISION


HAROLD B. MASON,                )
                                )
        Plaintiff,               )
                                )
    v.                          )   Case No. 4:11CV575 FRB
                                )
INVISION LLC, et al.,           )
                                )
        Defendants.              )
```

## MEMORANDUM AND ORDER

Presently before the Court is Defendant Invision LLC's and Defendant S. Eric Westacott's Motion To Dismiss. (Docket No. 22). All matters are pending before the undersigned United States Magistrate Judge, with consent of the parties, pursuant to 28 U.S.C. § 636(c).

In the complaint filed in the case at bar, plaintiff Harold Mason alleges that defendant Invision LLC (plaintiff's former employer) and S. Eric Westacott (plaintiff's former supervisor) (collectively "defendants") discriminated against him on the basis of his race in violation of 42 U.S.C. § 1981.[1] In support, plaintiff alleges that defendants harassed him, failed to promote him, retaliated against him and terminated him based upon his race.

---

[1] Plaintiff's complaint also alleged age and gender discrimination pursuant to 42 U.S.C. § 1981; violations of 42 U.S.C. § 1983; and violations of the Missouri Human Rights Act, Mo. Rev. St. § 213.010. In its Memorandum and Order dated May 24, 2011, this Court dismissed those claims. In addition, on February 23, 2012, plaintiff's claims against defendants Timothy McMahon and JaNet Morgan were dismissed due to plaintiff's failure to effectuate service on those defendants. (Docket No. 35).

- 1 -

Defendants now move for dismissal on the grounds that plaintiff has failed to state a claim for which relief can be granted. In support, defendants argue that plaintiff's complaint in this case alleges the same claims against the same parties as plaintiff alleged in a previous lawsuit titled Mason v. Invision LLC, et al., Cause Number 4:07CV1575 (hereafter referred to as "Mason I"), which was dismissed pursuant to a Judgment entered on September 9, 2008. Defendants argue that the Judgment entered in Mason I was a final judgment disposing of all claims against all parties, and was a judgment on the merits by a court of competent jurisdiction. Citing Mills v. Des Arc Convalescent Home, 872 F.2d 823, 826 (8th Cir. 1989), defendants argue that they are therefore entitled to an order dismissing plaintiff's § 1981 claim in his complaint on the basis of res judicata, inasmuch as (1) a prior judgment was rendered by a court of competent jurisdiction; (2) the prior judgment was a judgment on the merits; and (3) the same cause of action and the same parties are involved in both cases. Stating that plaintiff's complaint is frivolous, defendants note that the purpose of res judicata is to avoid serial and frivolous litigation, and argue entitlement to an award of their costs and attorney's fees. Plaintiff has responded to the instant motion.

As defendants correctly note, "[r]es judicata bars claims if three requirements are met: (1) the prior judgment was rendered by a court of competent jurisdiction, (2) the decision was a final judgment on the merits, and (3) the same cause of action and same parties or their privies were involved in both cases." Mills,

872 F.2d at 826 (citing Headley v. Bacon, 828 F.2d 1272, 1274 (8th Cir. 1987)). The issue in the instant case centers on the second requirement: that the decision in the prior case was a final judgment on the merits. Having carefully reviewed the record, the undersigned determines that the Court's decision in Mason I was not a final decision on the merits as is required for the operation of res judicata.

In Mason I, plaintiff Harold Mason filed a complaint alleging that defendants Invision LLC, Timothy McMahon, S. Eric Westacott and Ja'Net Morgan violated Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 200e et seq. by, inter alia, terminating his employment with Invision on the basis of his race and gender. (Mason I, Docket No. 1). On October 29, 2007, Defendant Invision, LLC filed "Defendant Invision, LLC's Motion To Dismiss." (Mason I, Docket No. 11). Therein, Invision, LLC noted that it was not an "employer" for purposes of Title VII because it never employed fifteen or more employees. (Id. at 1.) Invision LLC further stated that, because it was not an "employer" for purposes of Title VII, "this Court lacks subject matter jurisdiction over Plaintiff's claims." (Id.) In its motion to dismiss and accompanying memorandum, Invision, LLC argued only that the Court should dismiss plaintiff's complaint because the Court lacked subject matter jurisdiction. (Mason I, Docket Nos. 11 and 12). Invision, LLC wrote, ". . . Invision is not an "employer" within the meaning of Title VII. Accordingly, Plaintiff cannot establish that this Court has jurisdiction over his Title VII

- 3 -

claims, and his Complaint must be dismissed." (Mason I, Docket No. 12, at 3). In their separate motion to dismiss, the individual defendants argued that there was no individual liability under Title VII. (Mason I, Docket No. 13). In accordance with the grounds asserted by Invision, LLC in its motion to dismiss, plaintiff's complaint was dismissed in a Judgment dated September 9, 2008. (Mason I, Docket No. 30). That Judgment specified that "plaintiff's complaint [Doc. #1] is dismissed for lack of subject matter jurisdiction." Id. The Judgment did not specify an alternative basis for the dismissal of plaintiff's complaint.

In an Order filed on that same date, the Court noted the following: the parties involved and the basis of plaintiff's complaint; the basis of the motions to dismiss; the fact that Title VII does not apply to employers that employ fewer than 15 employees; defendant Invision's evidence attesting to the fact that it employed fewer than 15 employees and the absence of adequate rebuttal; and the fact that the individually-named supervisors could not be held liable under Title VII. (Mason I, Docket No. 29, pages 1-3). Having so noted, the Order then stated that the motions to dismiss filed by defendant Invision and by defendants McMahon, Westacott and Morgan were granted, and that all other pending motions were denied as moot. (Id. at page 3).

A Court's determination that it lacks subject matter jurisdiction is not an adjudication on the merits. The Rules of Civil Procedure state that any dismissal under the Rules, "except one for lack of jurisdiction, improper venue, or failure to join a

party under Rule 19" is an adjudication on the merits. Fed. R. Civ. P. 41(b); see also Johnson v. Boyd-Richardson Co., 650 F.2d 147, 148 (8th Cir. 1981) ("Under Rule 41(b) of the Federal Rules of Civil Procedure, dismissal for lack of jurisdiction is not an adjudication on the merits and thus such a dismissal should be without prejudice").

The dismissal in Mason I was not a judgment on the merits, but rather a dismissal for lack of subject matter jurisdiction. Jurisdiction is a threshold question, and must be answered in the affirmative before a court may proceed to determine the merits of a claim. Ginters v. Frazier, 614 F.3d 822, 826 (8th Cir. 2010). As stated by the Supreme Court, jurisdiction is power to declare the law, and when it does not exist, the only function the court has is to announce that fact and dismiss the cause. Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 94 (1998). This, in fact, is exactly what the Court did in Mason I. Therefore, because the Court in Mason I determined that it lacked subject matter jurisdiction, it lacked the power to determine the merits of plaintiff's complaint, and the Mason I decision therefore has no res judicata effect upon the case at bar.

Defendants cite Arbaugh v. Y&H Corp., 546 U.S. 500 (2006) for the proposition that the numerical threshold of Title VII is not a jurisdictional issue, but rather a substantive element of a plaintiff's case. Defendants argue that, in light of that holding, the Court's dismissal in Mason I was actually a judgment on the merits. Defendants argument is unavailing. While the undersigned

does not quarrel with defendant's interpretation of the Supreme Court's holding in Arbaugh, the characterization of the numerical threshold in Title VII cases described in Arbaugh does not change the fact that the judgment in Mason I specified that plaintiff's complaint was dismissed due to lack of subject matter jurisdiction.

Arbaugh was decided in 2006. In Mason I, Invision, LLC was free to present an Arbaugh-based argument to the Court in support of its motion to dismiss. Invision, LLC could have argued, in Mason I, that the employee numerosity requirement for establishing its "employer" status under Title VII was an element of plaintiff's claim for relief rather than a jurisdictional requirement. Instead, and contrary to the then applicable holding in Arbaugh, Invision, LLC asserted, as its sole grounds for dismissal, that because it did not meet the employee numerosity requirement for Title VII purposes, the Court lacked subject matter jurisdiction over plaintiff's claims. Based upon the argument Invision, LLC presented in support of its Mason I motion to dismiss, the Court dismissed the plaintiff's complaint on the basis of a lack of subject matter jurisdiction without consideration of the merits.

Arbaugh provides no authority to return to Mason I and change either the arguments Invision, LLC presented to the Court, or the substantive basis for the Mason I Court's dismissal of plaintiff's complaint. Arbaugh also fails to provide authority for the undersigned to construe the dismissal in Mason I as a decision on a substantive element of plaintiff's Title VII case, and

therefore a judgment on the merits.  The Judgment entered in Mason I clearly and exclusively stated that the basis for the dismissal was for lack of subject matter jurisdiction, and it is that disposition which controls the disposition of the instant motion to dismiss.

Defendants also cite Harper Plastics, Inc. v. Amoco Chemicals Corp., 657 F.2d 939, 943 (7th Cir. 1981) for the proposition that, where the court in the prior action is required to address the substance of plaintiff's allegations "and not merely whether the court has authority to decide a particular controversy, that court's judgment is on the merits." (Docket No. 23 at page 5).  However, the Mason I Court did not address the substance of the plaintiff's allegations; the Mason I Court noted the numerical threshold of Title VII and the fact that suit could not lie thereunder against individual supervisors, and dismissed the complaint for lack of subject matter jurisdiction.  Harper Plastics provides no support for the proposition that the Court's dismissal in Mason I was actually a judgment on the merits.  The remaining cases defendants cite are equally inapposite and provide no authority to give preclusive effect to the Court's decision in Mason I.  Thus, because of the Court's jurisdictional holding in Mason I, plaintiff's claims in the case at bar are not precluded on res judicata grounds.

Although the instant motion to dismiss must be denied at this time, defendants are not precluded from pursuing an appropriate remedy, through means available as set forth in the

Federal Rules of Civil Procedure, based upon their argument that plaintiff will be unable to prevail on the merits of his claims.

Therefore, for all of the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendant Invision LLC's and Defendant S. Eric Westacott's Motion To Dismiss (Docket No. 22) is denied without prejudice.

_____
Frederick R. Buckles
UNITED STATES MAGISTRATE JUDGE

Dated this 9th day of March, 2012.