UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| HAROLD B. MASON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:11CV575 FRB |
| | ) |
| INVISION LLC, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Presently before the Court is plaintiff Harold B. Mason's Response to Order Motion Correct in accordance to F.R. Civ. P. 61. (Docket No. 41). All matters are pending before the undersigned United States Magistrate Judge, with consent of the parties, pursuant to 28 U.S.C. § 636(c).

In the instant Motion, plaintiff asks the Court to vacate its Order of February 29, 2012. On that date, this Court entered two orders, one denying plaintiff's motion to appoint counsel, and one granting a motion to strike filed by defendants. See (Docket Nos. 37 and 38). The undersigned notes that, while plaintiff indicates that he intends to proceed herein under Rule 61 of the Federal Rules of Civil Procedure, it appears that he actually intends to proceed under Rule 60, which allows a party to seek relief from a judgment or order under certain circumstances. Rule 61, on the other hand, addresses harmless error, which would be irrelevant to the relief plaintiff seeks in the instant Motion.

In the instant Motion, plaintiff asks the Court to vacate

- 1 -

the February 29, 2012 Order(s) and "to give clarity as to if the order addresses the claim in partiality as with the May 24, 2011 Order of Dismissal." (Docket No. 41 at page 2). However, plaintiff does not plead any facts tending to show the presence of any of the circumstances noted in Rule 60. Plaintiff also indicates that he did not receive the motion to strike filed by defendants, and writes, in the body of his Motion, that the Court should change his mailing address, "effective immediately."

Review of defendants' previously-filed Motion To Strike shows that defendants included thereon a certificate of service indicating that a copy of the Motion was sent via the United States Mail to plaintiff at his address of record on file at the time the Motion To Strike was filed. The law presumes that documents mailed to plaintiff were received by him, and his mere denial is insufficient to overcome this presumption. See Stephenson v. El-Batrawi, 524 F.3d 907, 913 (8th Cir. 2008) (citing In re Outboard Marine Corp., 359 B.R. 893, 898 (N.D. Ill. 2007) ("[M]ere denial of receipt of the summons and complaint falls short of what is required to overcome the prima facie evidence of service."). If plaintiff's address had changed, it was plaintiff's duty to advise of that change. See E.D. Mo. L.R. 2.06(B). Plaintiff further fails to state adequate grounds to "vacate" either of the Orders entered on February 29, 2012. Finally, to the extent plaintiff seeks clarity regarding those Orders, plaintiff is advised that, on February 29, 2012, this Court entered two Orders, one denying his motion seeking the appointment of counsel, and one granting

defendants' Motion To Strike plaintiff's Motion For Judgment. Plaintiff is further advised that the latter Order did not deny his Motion For Judgment on its merits, but merely struck it from the record because plaintiff failed to file it in accordance with the Federal Rules of Civil Procedure or the Local Rules of this Court.

Therefore,

**IT IS HEREBY ORDERED** that plaintiff Harold B. Mason's Response to Order Motion Correct in accordance to F.R. Civ. P. 61 (Docket No. 41) is denied.

_____
Frederick R. Buckles
UNITED STATES MAGISTRATE JUDGE

Dated this 4th day of January, 2013.