UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

HAROLD B. MASON,           )
                           )
        Plaintiff,         )
                           )
   v.                      )  Case No. 4:11CV575 FRB
                           )
INVISION LLC, et al.,      )
                           )
        Defendants.        )

**MEMORANDUM AND ORDER**

Presently before the Court is defendants' Motion To Strike Plaintiff's Motion For Judgment In Accordance With Fed. R. Civ. P. 56, And Missouri State Rules of Civ. P. 74. (Docket No. 45). All matters are pending before the undersigned United States Magistrate Judge, with consent of the parties, pursuant to 28 U.S.C. § 636(c).

The instant motion is directed to plaintiff Harold B. Mason's Motion For Judgment In Accordance To Fed. R. Civ. P. 56 And Missouri State Rules Of Civ. P. 74 (Docket No. 43). As suggested by its title and as noted by defendants in the instant motion to strike, plaintiff's Motion is a motion for summary judgment. Also as suggested by defendants, plaintiff's Motion is the same as the Motion he filed on August 11, 2011, which was stricken by the Court on February 29, 2012. In Docket Number 43, plaintiff again seeks relief on claims of civil rights violations under Missouri law, claims pursuant to a statute that does not exist, and claims which have previously been dismissed by order of this Court dated May 24,

- 1 -

2011.  Plaintiff includes neither a memorandum in support of his motion, nor a statement of uncontroverted material facts.

Because Plaintiff is a pro se litigant, the undersigned holds his pleadings to a "less stringent [standard] than formal pleadings drafted by lawyers." Ellis v. Butler, 890 F.2d 1001, 1003 (8th Cir. 1989) (citing Haines v. Kerner, 404 U.S. 519, 520 (1972)).  Even so, plaintiff's pro se status does not excuse him from proceeding in accordance with procedural rules. See McNeil v. United States, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel").

The Local Rules of this Court require parties to file with each motion a memorandum in support thereof.  E.D.Mo. L.R. 4.01(A).  With regard to motions for summary judgment, the Local Rules further require that the memorandum in support to have attached a statement of uncontroverted material facts, indicating whether each fact is established by the record, and if so, the appropriate citations.  E.D.Mo. L.R. 4.01(E).  Because plaintiff filed neither a supporting memorandum nor a statement of uncontroverted material facts, his motion fails to comply with the Local Rules of this Court regarding filing summary judgment motions.

Defendants motion to strike is well-taken. This is especially so considering that plaintiff has previously been advised of the requirements of the Local Rules of this Court and

the manner in which they apply to the filing of motions such as the one subject to the instant Motion.

Therefore, due to plaintiff's failure to follow the Local Rules established by this Court,

**IT IS HEREBY ORDERED** that defendants' Motion To Strike Plaintiff's Motion For Judgment In Accordance With Fed. R. Civ. P. 56, And Missouri State Rules of Civ. P. 74 (Docket No. 45) is granted.

**IT IS FURTHER ORDERED** that plaintiff Harold B. Mason's Motion For Judgment In Accordance To Fed. R. Civ. P. 56 And Missouri State Rules Of Civ. P. 74 (Docket No. 43) is stricken from the record due to his failure to comply with E.D.Mo. L.R. 4.01(A) and 4.01(E).

*Frederick R. Buckles*
Frederick R. Buckles
UNITED STATES MAGISTRATE JUDGE

Dated this 4th day of January, 2013.