UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

HAROLD B. MASON,                    )
                                    )
          Plaintiff,                )
                                    )
     v.                             )    Case No. 4:11CV575 FRB
                                    )
INVISION LLC, et al.,               )
                                    )
          Defendants.               )

**MEMORANDUM AND ORDER**

          Presently before the Court is plaintiff Harold Mason's
Corrected Motion For Judgment In Accordance To Fed.R.Civ.P. 56 and
Missouri State Rules of Civ. P. 74. (Docket No. 57). The instant
motion is nearly identical to motions which were previously filed
by plaintiff and stricken by order of Court due to plaintiff's
failure to comply with various provisions of the Federal Rules of
Civil Procedure and the Local Rules of this Court. All matters are
pending before the undersigned United States Magistrate Judge, with
consent of the parties, pursuant to 28 U.S.C. § 636(c).

          Accompanying the instant Motion are two documents:
"Memorandum II - In Support Of Motion for Judgment in Accordance To
Fed. R. Civ. P. 56 and Missouri State Rules of Civ. P. 74" (Docket
No. 58) and "Memorandum In Support Of Motion For Judgment In
Accordance To Fed. R. Civ. P. 56 and Missouri State Rules of Civ.
P. 74 In Accordance To E.D. Mo. L. Rule 7-4.01 Motions and
Memoranda" (Docket No. 59). In docket number 58, plaintiff states

- 1 -

that he is presenting into evidence a portion of his Facebook home page entitled "People You May Know" and the Facebook home page of Tim McMahon "as evidence that S. Eric Westacott does in fact have contact information on Tim McMahon." (Docket No. 58 at pages 2-7). In the instant motion and in docket number 59, while plaintiff cites legal authority and presents legal argument, his citations and argument are random and incoherent. In docket number 59, plaintiff presents a brief statement of facts, containing four separate factual statements. However, the facts presented are nothing more than conclusory statements, and plaintiff also fails to indicate whether each fact is established by the record and, if so, the appropriate citations thereto, as required by E.D.Mo. L.R. 4.01(E).

Because Plaintiff is a pro se litigant, the undersigned holds his pleadings to a "less stringent [standard] than formal pleadings drafted by lawyers." Ellis v. Butler, 890 F.2d 1001, 1003 (8th Cir. 1989) (citing Haines v. Kerner, 404 U.S. 519, 520 (1972)). Even so, plaintiff's pro se status does not excuse him from proceeding in accordance with procedural rules. See McNeil v. United States, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel").

In the case at bar, despite the fact that plaintiff has been repeatedly advised of the appropriate rules and given several

chances to conform his pleadings thereto, he has again failed to file a conforming motion. However, in the interests of moving this case forward toward resolution, the undersigned will address the instant motion on its merits.

In Counts 1 through 3 of the instant motion, plaintiff seeks relief pursuant to "42 U.S.C. § 1991 Civil Rights Act In/For Deprivation Of Rights." (Docket No. 57 at 2-3). As defendants note, and as plaintiff has been informed in the past, this statute does not exist. However, considering plaintiff's <u>pro</u> <u>se</u> status, the undersigned will presume that plaintiff is seeking relief pursuant to 42 U.S.C. § 1981.[1]

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment shall be entered if the moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." In ruling on a motion for summary judgment, this Court is required to view the facts in the light most favorable to the non-moving party, and to give that party the benefit of all reasonable inferences to be drawn from the underlying facts. <u>Agristor Leasing v. Farrow</u>, 826 F.2d 732, 734 (8th Cir. 1987). The moving party bears the burden of showing both the absence of a genuine issue of material fact and its

---

[1]In the instant motion, plaintiff also seeks relief on claims of age and gender discrimination, civil rights violations under Missouri state law, and for relief under 42 U.S.C. § 1985. However, these claims were previously dismissed by this Court. Therefore, to the extent plaintiff can be understood to assert such claims in the instant motion, the motion is denied.

entitlement to judgment as a matter of law. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322 (1986); <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986).

To establish a prima facie case of race discrimination, a plaintiff must show "(1) he is a member of a protected class, (2) he met his employer's legitimate expectations, (3) he suffered an adverse employment action, and (4) the circumstances give rise to an inference of discrimination (for example, similarly situated employees outside the protected class were treated differently). <u>Lake v. Yellow Transp., Inc.</u>, 596 F.3d 871, 874 (8th Cir. 2010) (internal citations omitted).

In the instant motion, plaintiff has failed to show that there is no genuine dispute as to any material fact, and that he is entitled to judgment as a matter of law. Instead, plaintiff has presented merely a conclusory statement that he was harassed, not promoted, and terminated due to his race. Plaintiff offers nothing which would allow the undersigned to conclude that he is entitled to judgment as a matter of law on his claims of discrimination on the basis of race.

Therefore, for all of the foregoing reasons,

**IT IS HEREBY ORDERED** that plaintiff Harold Mason's Corrected Motion For Judgment In Accordance To Fed.R.Civ.P. 56 and Missouri State Rules of Civ. P. 74 (Docket No. 57) is denied.

Frederick R. Buckles
UNITED STATES MAGISTRATE JUDGE

Dated this 21st day of March, 2013.