UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| HAROLD B. MASON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:11CV575(JCH) |
| | ) | |
| INVISION LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court following a bench trial conducted on July 7, 2014. Having considered the pleadings and trial testimony of the parties, the Court hereby makes and enters the following findings of fact and conclusions of law in accordance with Rule 52(a) of the Federal Rules of Civil Procedure.

### Findings of Fact

1. Plaintiff Harold B. Mason ("Mason") worked for Defendant Invision ("Invision") LLC from May 7, 2007 through June 12, 2007.

2. Invision was a company that performed legal document management.

3. Defendants S. Eric Westacott ("Westacott") and Timothy McMahon ("McMahon") were the co-owners of Invision.

4. Along with Mason, Invision employed Dondi Baldwin ("Baldwin") and Defendant Ja'net Morgan ("Morgan").

5. Mason is an African-American male.

6. Baldwin is also an African-American male.

7. Morgan is an African-American female.

8. Westacott and McMahon are both white males.

9. Initially, Baldwin was Mason's and Morgan's supervisor at Invision. At some point during Mason's period of employment, Baldwin was terminated.

10. Morgan was hired as supervisor to replace Baldwin, and Mason was not.

11. Mason had prior work experience dealing with various types of software used for legal document management.

12. Baldwin and Morgan both assigned menial tasks to Mason on several occasions, and Mason took offense to these assignments. For instance, on one occasion Baldwin required Mason to put together a pull-cart, a task which was not part of Mason's ordinary job activities.

13. Baldwin and Morgan sometimes made disparaging remarks to Mason, primarily about his prior work experience. For instance, on one occasion Morgan told Mason that he was not as qualified for his job as he thought he was.

14. On one occasion, Mason reported the behavior described in ¶¶ 11 and 12 to Westacott and indicated to Westacott that he felt discriminate against. Rather than take action, Westacott said that he, as a paraplegic, was also a minority. Mason took this to mean that Westacott did not care about any discrimination against Mason.

15. On several occasions, Mason failed exams related to training on certain types of software that were necessary for Mason's job. Mason admitted this in his own testimony, and it was brought up again by Defendants.

16. In addition to failing the training exams, Mason was unable to complete assignments for clients due to inadequate understanding of the necessary software.

17. Invision terminated Mason on June 12, 2007.

18. Mason filed the instant lawsuit on March 28, 2011. Mason's Complaint initially alleged employment discrimination based on age, race, and gender. The adverse employment actions that Mason alleged were being passed over for promotion and being terminated. The claims were brought pursuant to 42 U.S.C. § 1981 and the Missouri Human Rights Act.

19. On May 24, 2011, the Court dismissed all of Mason's claims under the Missouri Human Rights Act as well as his age and gender discrimination claims under § 1981.

20. The only claim remaining for trial was Mason's racial discrimination claim under § 1981.

21. At the close of Mason's case, Defendants made an oral motion for judgment on partial findings, which the Court denied without prejudice. Defendants renewed that motion at the close of their own case.

## **Conclusions of Law**

1. This Court has jurisdiction under 28 U.S.C. § 1331 because the claims at issue arise under 42 U.S.C. § 1981. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b).

2. To prove racial discrimination in employment under § 1981 through indirect evidence, a plaintiff must follow the burden-shifting framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). Under this framework, a plaintiff has the initial burden of establishing a prima facie case of discrimination. *Harris v. Hays*, 452 F.3d 714, 718 (8th Cir. 2006). Once the plaintiff has established a prima facie case, the burden shifts to the defendant to show a legitimate, nondiscriminatory reason for the challenged action. *Id.* If the defendant articulates such a reason, the burden of production shifts back to the plaintiff to establish that the reason proffered by the defendant is mere pretext for discriminatory animus. *Id.*

3. Though the burden of production may shift in a case analyzed under *McDonnell Douglas*, the burden of persuasion does not. *St. Mary's Honor Center v. Hicks*, 509 U.S. 502, 508 (1993). Specifically, the plaintiff "retains that 'ultimate burden of persuading the [trier of fact] that [he] has been the victim of intentional discrimination.'" *Id.* (quoting *Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 256 (1981) (alterations in original)).

4. To establish a prima facie case for race discrimination under § 1981, "a plaintiff must show (1) he is a member of a protected class, (2) he met his employer's legitimate expectations, (3) he suffered an adverse employment action, and (4) the circumstances give rise to an inference of discrimination (for example, similarly situated employees outside the protected class were treated differently)." *Young v. Builders Steel Co.*, 754 F.3d 573, 577 (8th Cir. 2014) (internal quotation marks omitted).

5. If a plaintiff fails to establish a prima facie case, there is no need to move on to the second and third steps of *McDonnell Douglas*.

6. Mason has met his initial burden of production on elements (1) and (3) of the test set forth in *Young*. Mason is a member of a protected class because he is African American. He suffered adverse employment actions in being passed over for promotion and terminated.

7. Mason did not, however, present sufficient evidence to satisfy elements (2) and (4).

8. As to element (2), Mason presented no evidence that he was meeting his employer's expectations. While Mason testified that he has prior relevant work experience, he presented nothing to suggest he was performing adequately during his time at Invision. He also admitted in his own testimony that he failed several training exams.

9.  As to element (4), Mason did not present sufficient evidence to raise an inference of discrimination. He presented no evidence that Invision treated similarly situated non-African Americans differently than it treated Mason. Indeed, the only similarly situated employee Mason identified was Morgan, who herself is African American. Nor do any of the menial assignments or comments made to Mason give rise to an inference of discrimination. All of the comments made by Morgan and Baldwin related not to Mason's race, but to his work background. The only comment made to Mason involving race was made by Westacott, whose response to Mason's complaint about Baldwin's and Morgan's actions was that Westacott himself, as a paraplegic, is also a minority. This comment alone is insufficient to give rise to an inference of discrimination.

10. Because Mason cannot establish two of the elements required for a prima facie showing of discrimination under § 1981, the Court finds that Mason cannot meet his burden of persuasion, and it is unnecessary to consider the second and third steps of the *McDonnell Douglas* framework.

Accordingly,

**IT IS HEREBY ORDERED** that judgment is entered in favor of Defendants on Mason's claims under 42 U.S.C. § 1981, and Mason's claims are **DISMISSED WITH PREJUDICE**. A separate Judgment shall accompany this Memorandum and Order.

**IT IS FURTHER ORDERED** that Defendants' Oral Motion for Judgment on Partial Findings pursuant to Fed. R. Civ. P. 52(c) is **DENIED AS MOOT**.

Dated this 14th day of August, 2014.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE